United States District Court
Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7   MCCONNELL & MALEK                    Case No.  23-cv-00010-LJC
    ENTERPRISES,
8                                        ORDER STAYING ARBITRATION
              Plaintiff,
9                                        Re: Dkt. No. 25
         v.
10
    PROOF MARK, INC,
11
              Defendant.
12
13       Before the Court is Plaintiff McConnell & Malek Enterprise's (MME) Ex Parte

14   Emergency Motion to Stay Arbitration before the American Arbitration Association (AAA).  Dkt.

15   25.  On May 18, 2022, MME and Defendant Proof Mark, Inc (PMI) signed a Professional Service

16   Agreement (PSA) containing an arbitrability clause.  MME now challenges the arbitrability of this

17   dispute, including whether the PSA is a binding contract and whether the PSA mandates

18   arbitration.  See Dkt. 25 at 4.  PMI, on the other hand, filed a demand with the AAA on January 9,

19   2023, initiating the arbitration process in Houston, Texas.  Dkt. 27-1 at 1-2; Dkt. 27-2 at 1.  MME

20   asserts the arbitration is imminent, but the AAA states it "will abide by any court order issued"

21   regarding the arbitration's timing.  Dkt. 25-2 at 1.

22       Having read the papers filed by the parties and carefully considered their arguments and

23   the relevant legal authority, the Court temporarily **STAYS** the arbitration before the AAA to allow

24   for this Court to determine, pursuant to Federal Arbitration Agreement (FAA), whether the dispute

25   in this action is subject to a private agreement by the parties to seek resolution through arbitration.

26       This Court has jurisdiction to review the enforceability of arbitration provisions.  See, e.g.,

27   9 U.S.C. § 2; Oberstein v. Live Nation Ent., Inc., 2023 WL 1954688, at *5 (9th Cir. 2023) (stating

28

a court's role under the FAA is to determine "whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue") (internal quotation marks omitted). In general, gateway disputes, such as whether a party is "bound by a given arbitration clause" or whether an arbitration clause is a binding contract that "applies to a particular type of controversy," are "for judicial determination unless the parties clearly and unmistakably provide otherwise."  See Shivkov v. Artex Risk Sols., Inc., 974 F.3d 1051, 1065 (9th Cir. 2020) (internal quotation marks omitted) (addressing class action).  "[A]rbitration is strictly a matter of consent . . . a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC, 816 F.3d 1208, 1211 (9th Cir. 2016) (internal citations and quotation marks omitted).  "[I]t is well settled that where the dispute at issue concerns contract formation, the dispute is generally for the courts to decide."  Id. (internal citation and quotation marks omitted).  Given that MME is clearly disputing that this dispute should be subject to arbitration, the arbitration to take place in Houston, Texas is temporarily enjoined and stayed pending this Court's resolution of the enforceability and validity of the PSA's arbitration provision.

     **IT IS SO ORDERED.**

Dated: February 27, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California