1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7   MCCONNELL & MALEK                 Case No.  23-cv-00010-LJC
    ENTERPRISES,
8                                     **ORDER DENYING PLAINTIFF'S**
              Plaintiff,              **MOTION TO REMAND AND**
9                                     **DEFENDANT'S MOTION TO**
         v.                           **DISMISS; AND GRANTING**
10                                    **PLAINTIFF'S REQUEST FOR**
    PROOF MARK, INC,                  **JUDICIAL NOTICE**
11
              Defendant.             Re: ECF Nos. 7, 19, 29
12

13

14        Defendant Proof Mark, Inc.'s (PMI) Motion to Dismiss and Plaintiff McConnell & Malek

15   Enterprises' (MME) Motion to Remand came for hearing before this Court on March 9, 2023.

16   ECF No. 7, 19.  PMI appeared through its counsel, Stuart N. Wilson.  MME appeared through its

17   counsel, Phyllis Voisenat.  Having read the papers filed by the parties and carefully considered

18   their arguments and the relevant legal authority, the Court DENIES PMI's Motion to Dismiss and

19   DENIES MME's Motion to Remand.  In addition, the Court GRANTS Plaintiff's Request for

20   Judicial Notice.  ECF No. 29.

21   **I.    BACKGROUND**

22        On November 23, 2022, Plaintiff MME filed a complaint for damages against Defendant

23   PMI in the Superior Court of Alameda, alleging contract claims based on a Professional Services

24   Agreement (PSA) executed by MME and PMI.  ECF No. 1-3 at 3[1] (Compl.), ¶¶ 11–63.  The

25   Complaint alleges, among other things, a breach of contract that denied MME a minimum

26   compensation of $93,600, set forth in the PSA.  Compl. ¶ 60.

27   _____

28   [1] For ease of reference, the Court refers to the PDF pagination in the document electronically filed
     on the court docket unless specified otherwise.

*United States District Court*
*Northern District of California*

The Complaint attaches as exhibits, both the PSA and its amendment.  ECF No. 1-3 at 14 (Exhibit A, hereafter "PSA"); at 21 (Exhibit B, hereafter "PSA Amendment").  The PSA is dated May 18, 2022, and signed by Vice Chairman of PMI Kyle Brantley and Chief Executive Officer of MME Kevin Malek.  ECF No. 1-3 at 18.  The PSA Amendment is dated July 5, 2022, and is signed by the same persons.  ECF No. 1-3 at 22, 23.  According to the Complaint, MME is a California corporation with a corporate address in Alameda County, and PMI is a Delaware corporation with a corporate address in Pacifica, California.  Compl. ¶¶ 4–5. The PSA's provision on "Notices" lists an address in Hayward, California for MME and an address in Scottsdale, Arizona is for PMI.  ECF No. 1-3 at 17 (Term No. 19).

On January 3, 2023, PMI removed the matter from state court to the U.S. District Court for the Northern District of California based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  ECF No. 1.  On January 17, 2023, PMI filed a Motion to Dismiss for Improper Venue and a Request for Abatement.  ECF No. 7.  On January 18, 2023, the Court vacated all deadlines and stayed proceedings pending PMI's counsel's *pro hac vice* admission.  ECF No. 10.  On January 26, 2023, after his second motion, correcting a prior deficiency, the Court granted PMI's counsel *pro hac vice* admission.  ECF No. 15.

On February 2, 2023, MME filed a Motion to Remand.  ECF No. 19.  On February 16, 2023, PMI opposed and submitted declarations from PMI CEO Mark Stouse and PMI Chief Product Officer Kyle Brantley.  See ECF No. 22; ECF No. 22-9 (Stouse Decl.); ECF No. 22-10 (Brantley Decl.).  Stouse's declaration describes PMI's business activities, including the role of John Janetos, of Thouria Consulting, in PMI's dealings, and refers to a series of attached exhibits that document the parties' business activities and the present dispute.  See Stouse Decl. ¶¶ 15–23.  On February 17, 2023, MME filed an Ex Parte Emergency Motion to Stay Arbitration before the American Arbitration Association (AAA) in Texas.  ECF No. 25.  On February 23, 2023, MME

filed a reply in support of its Motion to Remand and a Request for Judicial Notice.[2,3]  ECF No. 28, ECF No. 29.

On February 27, 2023, the Court granted MME's Ex Parte Emergency Motion, temporarily enjoining and staying the parties' arbitration in Texas pending the Court's resolution of the enforceability and validity of the arbitration provision in the PSA.  ECF No. 31.  On March 2, 2023, PMI filed a Motion to Compel Arbitration.  ECF No. 34.  The hearing on the Motion to Compel Arbitration is currently set for August 8, 2023.

## II.   DISCUSSION

The Court addresses MME's Motion to Remand and PMI's Motion to Dismiss for Improper Venue in turn.

### A.   MME's Motion to Remand

To resolve MME's Motion to Remand this action to state court, the Court must determine whether removal was improper.  "A motion to remand is the proper procedure for challenging removal."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  Grounds for remand include either lack of subject matter jurisdiction or a procedural defect in the notice of removal.  See, e.g., Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014); Maniar v. F.D.I.C., 979 F.2d 782, 784–85 (9th Cir. 1992) (citing 28 U.S.C. § 1447(c)).

"Only state-court actions that originally could have been filed in federal court may be

_____

[2] MME requests judicial notice of the California Secretary of State's Certificate of Status for Thouria Consulting LLC, the Alameda Superior Court docket, and PMI's notice of removal filed in the state court.  ECF No. 29.  These documents are "not subject to reasonable dispute" because they are either directly from the courts or the State of California.  Fed. R. Evid. 201(b)(1)-(2); see, e.g., Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) (noting matters of public record may be judicially noticed); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (noting a court may judicially notice court documents that are already in the public record or have been filed in other courts).  Thus, the Court GRANTS MME's Request for Judicial Notice.

[3] On February 24, 2023, well after briefing was completed for both the Motion to Dismiss and the Motion to Remand, PMI filed an affidavit of business records.  ECF No. 30.  These records appear to duplicate Exhibits A through H to PMI's opposition to Plaintiff's Motion to Remand, and exhibits to the Stouse and Brantley declarations, See ECF No. 22, except that the records are exhibits to a notarized affidavit of business records, there are additional pages related to the arbitration process, and there are pages with extensive redactions.  PMI has not explained its purpose in filing these records, and the Court does not consider them in resolving the present motions.  For clarity, the Court also notes that the docket incorrectly labels PMI's opposition brief as a "reply", though it in fact a response and opposition to MME's Motion to Remand.

removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392

(1987).  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28

U.S.C. §§ 1331 and 1332".  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  Section 1332

addresses diversity jurisdiction and provides that "[t]he district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000 [and the action] is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a).  A

"corporation shall be deemed to be a citizen of every State and foreign state by which it has been

incorporated and of the State or foreign state where it has its principal place of business . . . ."  28

U.S.C. § 1332(c)(1).  A corporation's "principal place of business," or its "nerve center," is "best

read as referring to the place where a corporation's officers direct, control, and coordinate the

corporation's activities."  Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010) (internal quotation

marks omitted).  The "strong presumption against removal jurisdiction means that the defendant

always has the burden of establishing that removal is proper, and that the court resolves all

ambiguity in favor of remand to state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042

(9th Cir. 2009) (internal quotation marks omitted).

The Court first addresses the issue of subject matter jurisdiction.  The parties do not

dispute that the amount in controversy in this matter is over $75,000.  It is also undisputed that

PMI is incorporated in Delaware and MME in California.  Thus, the only grounds upon which

diversity jurisdiction is defeated is if PMI has a principal place of business, i.e., its nerve center, in

California.  This principal place of business would render PMI a citizen of California, and thus a

citizen of the same state in which MME is a citizen.

The Court does not solely rely on a corporation's public filings to establish a corporation's

principal place of business.  See Hertz, 559 U.S. at 97 (when proving a corporation's nerve center,

a party cannot rely on a defendant's own public filings alone because "[s]uch possibilities would

readily permit jurisdictional manipulation").  The Stouse and Brantley declarations, and the PSA,

indicate that its high-level officers directed, controlled, and coordinated PMI's business from

outside of California.  Indeed, PMI CEO Stouse declares the following: (1) PMI's principal place

of business is in Arizona, (2) PMI has its headquarters in Arizona, and (3) PMI's directors who

United States District Court
Northern District of California

United States District Court
Northern District of California

1   coordinate, control, and conduct PMI's business activities are based in Arizona, including Stouse

2   himself.  See ECF No. 22-9 at 4.  PMI has listed its address as being in Arizona in binding

3   contracts, not mere public filings.  See ECF Nos. 1-3 at 17, 22-4 at 1.  And Chief Product Officer

4   Brantley signed his declaration in Houston, Texas.  ECF No. 22-10 at 5.

5       At this Court's March 9, 2023 hearing, MME conceded that PMI's principal place of

6   business is outside of California.  And MME dropped its position that PMI has significant

7   corporate activities in California through its contracts with Bayer AG and Salesforce.com.

8   Nothing regarding PMI's business dealings with Salesforce.com or Bayer AG overcomes the

9   strong evidence that its nerve center is outside of California.  PMI does not have a contract with

10  the San Francisco-based company Salesforce, Inc., and even if it did, that fact would be

11  insufficient to establish California is PMI's principal place of business.  Moreover, MME's

12  reliance on evidence of business activities in California is misplaced, given the Supreme Court's

13  decision in Hertz, which adopted the "nerve center" test, over an approach that considers the

14  amount of business activities in a state, i.e., a "general business activities test".  559 U.S. at 92–95.

15      With respect to the nerve center test, even to the extent that Janetos of Thouria Consulting

16  played a role facilitating PMI's contract with Bayer AG, this does not outweigh the evidence that

17  PMI's key officers are located outside of California.  No evidence in the record indicates that

18  Janetos was a high-level officer directing, controlling, or coordinating PMI's corporate activities

19  from California.  MME has failed to establish that PMI's principal place of business is in

20  California.

21      Next, the Court addresses the procedural defects that MME has asserted.  Remand may

22  also be appropriate where there is a defect in the removal process, such as an untimely removal.

23  See Kamm v. ITEX Corp., 568 F.3d 752, 755 (9th Cir. 2009) (stating, "[i]t is relatively clear from

24  context that 'defect' refers to a failure to comply with the statutory requirements for removal").

25  MME argues that PMI's Notice of Removal was untimely.  Section 1446(b) of Title 28 of the

26  United States Code mandates that "[t]he notice of removal of a civil action or proceeding shall be

27  filed within 30 days after the receipt by the defendant . . . or within 30 days after the service of

28  summons upon the defendant[.]"  Thirty days from the filing of MME's complaint was January 1,

2023, which was a Sunday, and January 2, 2023, was a court holiday.  ECF No. 22 at 5.  According to the federal rules, where the "last day is a Saturday, Sunday, or legal holiday, the [filing] period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(A)(1)(C).  Thus, the Notice of Removal filed on Tuesday, January 3, 2023, was timely.

MME also argues PMI's Notice of Removal was defective because its counsel was not admitted *pro hac vice* until January 26, 2023, well passed the Notice of Removal deadline.  But a counsel's *pro hac vice* status is irrelevant in determining whether removal is defective because it is not a requirement set forth in 28 U.S.C. § 1446.

MME further argues removal is defective because PMI failed to properly file the Notice of Removal in the case docket for Alameda Superior Court.  ECF No. 28 at 9–10.  This argument is unpersuasive, as the docket indicates that the state court received the Notice of Removal.  ECF No. 29-1 at 3.  The filing appears consistent with common practice, and MME has not cited authority to establish that there was in fact a procedural defect.  See Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-8, § 2:3425 ("Because the notice to adverse parties must also be filed with the state court clerk, it should bear the *state court caption* (to assure proper filing), as well as the federal court filing information.").  Moreover, defects in the form or content of removal papers are not usually jurisdictional and may be cured by amendment after removal.  See Kuxhausen v. BMW Financial Services NA LLC, 707 F.3d 1136, 1142 (9th Cir. 2013) (holding that a "*de minimis* procedural defect was curable even after the expiration of the thirty-day removal period.") (internal quotation marks omitted).

Finally, MME argues that removal was defective because the Notice contained inaccuracies regarding PMI's citizenship and principal place of business.  ECF No. 28 at 10–12.  These arguments go to the existence of subject matter jurisdiction.  The Court rejected these arguments above, as it found that the record establishes PMI's citizenship outside of California, and therefore diversity jurisdiction exists.

The Court DENIES MME's Motion to Remand.

**B.      PMI's Motion to Dismiss for Improper Venue and Request for Abatement**

PMI contends that venue is improper in this District for three reasons: (1) PMI does not reside in this District, nor does PMI do business in this District; (2) venue does not exist for each and every cause of action of the Complaint; and (3) this matter should be abated.  ECF No. 7 at 4, 7–8.  PMI summarily asserts some of these bases for dismissal with no supporting arguments.  Thus, the Court only addresses those bases that PMI has actually argued.

PMI mistakenly relies on 28 U.S.C. § 1391, which is the venue statute that governs the appropriate district in which a party should file a federal civil action.  Section 1391, however, does not apply to actions that have been removed from state court.  See 28 U.S.C. § 1390(c) ("[Chapter 87] shall not determine the district court to which a civil action pending in a State court may be removed . . . .").  In contrast, section 1441(a) in Chapter 89 of Part IV of Title 28 of the United States Code, establishes the proper venue for a removal action.  See Lee v. Bank of Am., N.A., No. 21-CV-07231-JSC, 2022 WL 504162, at *2 (N.D. Cal. Feb. 18, 2022) ("because Defendant removed this action from state court, 28 U.S.C. § 1441(a) governs . . . .").  Specifically, section 1441(a) states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Accordingly, it is accepted that "venue is proper when a case is removed to the district where the state action was pending."  Vu v. Ortho-McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); see Stability Sols., LLC v. Medacta USA, Inc., No. 22-CV-07412-LB, 2023 WL 350546, at *3 (N.D. Cal. Jan. 20, 2023) ("But venue is proper here because the case was filed in a state court within this district and then removed to federal court.").  Here, PMI removed this action consistent with § 1441(a).  PMI removed this case from the Superior Court of Alameda to the U.S. District Court for the Northern District of California, the federal district in which the state action was pending.  Therefore, venue is proper pursuant to § 1441(a).  The Court DENIES PMI's Motion to Dismiss.

PMI requests that this Court abate this matter if it denies PMI's Motion to Dismiss.  PMI's

United States District Court
Northern District of California

7

1   briefing failed to explain its abatement request or provide any federal authority by which this

2   Court may "abate" this matter.  At the March 9, 2023 hearing, PMI's counsel explained that PMI

3   is seeking to stay this action while the PSA's arbitrability is resolved.  As noted above, on March

4   2, 2023, PMI moved to compel arbitration of the disputes in this case.  The motion is currently

5   scheduled for a hearing on August 8, 2023.  PMI's limited briefing and arguments fail to establish

6   grounds for a stay, and thus, its request for abatement or a stay is DENIED without prejudice.

## III.   CONCLUSION

The Court DENIES Plaintiff's Motion to Remand, DENIES Defendant's Motion to

Dismiss, and GRANTS Plaintiff's Request for Judicial Notice.

**IT IS SO ORDERED.**

Dated: May 25, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California