United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCCONNELL & MALEK ENTERPRISES,<br><br>Plaintiff,<br><br>v.<br><br>PROOF MARK, INC,<br><br>Defendant. | Case No. 23-cv-00010-LJC<br><br>**ORDER TO SHOW CAUSE WHY COUNSEL SHOULD NOT BE REFERRED TO THE COMMITTEE ON PROFESSIONAL RESPONSIBILITY** |

This case has been an ongoing saga of missed deadlines and failure to comply with applicable rules and court orders.

Defendant removed to this Court, and moved to dismiss, while represented by counsel Stuart Wilson, who is not admitted to practice in California or in this district. On January 18, 2023, the Court stayed proceedings pending the appearance of qualified counsel. ECF No. 10. Wilson then applied to proceed pro hac vice with the assistance of local counsel Adam Grant, but the Court denied that application because Grant was not admitted to the bar of this Court. ECF Nos. 11–13.

On May 25, 2023, the Court denied a Motion to Remand by Plaintiff,[1] and also denied Defendant's Motion to Dismiss. ECF No. 49. The Motion to Dismiss raised largely frivolous arguments, including objections to venue that wholly overlooked the venue statute governing removal actions, a request to "abate" the matter that cited no federal authority and turned out at the hearing to be a request for a stay pending arbitration, and other purported grounds for dismissal that Defendant "summarily assert[ed] . . . with no supporting arguments." *Id.* at 7–8.

---

[1] This Order does not dwell on errors by Plaintiff's counsel at the time of the Motion to Remand, because that attorney is no longer involved in the case.

1    The parties then stipulated to binding arbitration, and to stay the case pending arbitration,

2   with a requirement to submit a status report "within 20 days of the conclusion of arbitration or [six

3   months from the Order staying the case], whichever is sooner." ECF No. 59.  The Court adopted

4   that stipulation as an Order on July 7, 2023.  ECF No. 60.

5    By February 12, 2024, however, the parties had not filed the required status report.  The

6   Court ordered them to do so on February 12, 2024.  ECF No. 62.  Plaintiff's counsel Michael

7   Tarutis filed a unilateral status report on February 23, 2024, noting that arbitration had not

8   proceeded as scheduled because defense counsel Wilson had been hospitalized.  ECF No. 63.  The

9   Court ordered a further joint status report within twenty days of the conclusion of arbitration or by

10  August 23, 2024.  ECF No. 64.

11   The parties missed that deadline, too.  On August 26, 2024 the Court ordered the parties to

12  file their delinquent status report by August 28, 2024.  ECF No. 65.  Wilson filed a "joint" status

13  report, lacking Plaintiff's counsel Tarutis's signature, reporting that an evidentiary hearing before

14  the arbitrator had been rescheduled for September.  ECF No. 66.  Later that day, the Court ordered

15  a further status report within twenty days of the conclusion of arbitration or by February 28, 2025,

16  and "advised [the parties] to calendar that deadline to avoid the need for another reminder from the

17  Court."  ECF No. 67.  Still later the same day, Tarutis filed an expanded version of the same joint

18  status report Wilson had previously filed.  That version included both attorneys' signatures, but

19  lacked the attestation of consent required by Civil Local Rule 5-1(i)(3).

20   The February 28 deadline has now come and gone, and once again the parties have failed

21  to file a status report as required.  Although these missed status reports are unlikely to be

22  consequential, the consistent failure to meet court-ordered deadlines and other obligations in this

23  case calls into question the ability of all counsel involved to represent their clients' interests

24  adequately in this and other litigation.  Attorneys Stuart Wilson, Adam Grant, and Michael Tarutis

25  are therefore ORDERED to appear via Zoom at 1:30 PM on March 13, 2025, in order to provide

26  an oral report on the status of arbitration and to show cause why each of them should not be

27  referred to the Court's Standing Committee on Professional Responsibility.  Counsel shall be

28  prepared to explain to the Court their calendaring system for their management of cases and to

assure the Court that they have a calendar and that they attend to it.

**IT IS SO ORDERED.**

Dated: March 3, 2025

LISA J. CISNEROS
United States Magistrate Judge