UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCCONNELL & MALEK ENTERPRISES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PROOF MARK, INC,<br><br>　　　　　Defendant. | Case No. 23-cv-00010-LJC<br><br>**ORDER REGARDING MOTION TO VACATE ARBITRATION AWARD**<br><br>Re: Dkt. No. 85 |

After more than six months of inaction following an October 8, 2024 arbitration award, Plaintiff McConnell & Malek Enterprises moves to vacate or modify that award under 9 U.S.C. §§ 10(a)(4) and 11(b). ECF No. 85; *but see* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."). Defendant Proof Mark, Inc. filed a response stating that it "agrees that the Arbitration Award . . . should in all things be VACATED." ECF No. 87 (emphasis omitted).

It is not clear, however, whether the parties agree on what should happen next if the award is vacated. Plaintiff's Motion states in a conclusion section that Plaintiff "further seek[s] the option of pursuing a different arbitrator or new arbitral panel on whatever issues may remain after vacation of the Award," without offering any argument or authority for why that would be appropriate, and without taking any apparent position on what issues might remain to be decided. ECF No. 85 at 16. Defendant's response does not address whether Defendant believes further arbitration or litigation of any issues would be appropriate.

The parties are therefore ORDERED to meet and confer regarding how they wish to proceed with this case, and to file a stipulation and proposed order no later than May 14, 2025

either: (1) vacating the arbitration award and providing for the terms of further arbitration, litigation, or dismissal of this action, if the parties agree to such an outcome; or (2) setting a further briefing schedule for the parties to present their respective positions if they do not agree.

Any stipulation must comply with Civil Local Rule 7-12, the attestation requirement of Civil Local Rule 5-1(i)(3) (which the parties have thus far consistently failed to apply in this case), and all other applicable procedural authorities.

The deadline for Plaintiff's reply brief in support of the pending Motion is VACATED, without prejudice to the parties stipulating to further briefing on that Motion. **The hearing set for June 3, 2025 remains on calendar.** The Court might continue or vacate that hearing after the parties file their stipulation, but unless the parties receive notice to that effect, counsel are expected to appear at the hearing as currently scheduled. *See* ECF No. 86. In addition, the Court notes that its Order to Show Cause Why Counsel Should Not Be Referred to the Committee on Professional Responsibility, ECF No. 69, has not yet been discharged. The Court will further consider whether any counsel fails to comply with the forthcoming deadline and hearing dates before it makes its final determination as to the referral.

**IT IS SO ORDERED.**

Dated: May 7, 2025

LISA J. CISNEROS
United States Magistrate Judge