UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCCONNELL & MALEK ENTERPRISES,<br><br>Plaintiff,<br><br>v.<br><br>PROOF MARK, INC,<br><br>Defendant. | Case No. 23-cv-00010-LJC<br><br>**ORDER REGARDING JUNE 3, 2025 HEARING AND POTENTIAL VACATUR OF ARBITRATION AWARD**<br><br>Re: Dkt. Nos. 88, 89 |

This action alleges contract claims removed to this Court based on diversity jurisdiction. After an unsuccessful motion to remand and an unsuccessful motion to dismiss, the Court approved the parties' stipulation to submit the matter in its entirety to arbitration and to stay the litigation. ECF No. 60. Subsequently, several months after an October 8, 2024 arbitration award in favor of Defendant Proof Mark, Inc. (PMI), Plaintiff McConnell & Malek Enterprises (MME) moved to vacate or modify the award. ECF No. 85. Defendant filed a response stating that it agreed that the arbitration award should be vacated. ECF No. 87. To determine the parties' position(s) as to how the matter should be handled if the arbitration award in Defendant PMI's favor were to be vacated, the Court ordered the parties to meet and confer and file a stipulation indicating their joint agreement to vacate the arbitration and their joint or respective position regarding what should happen next: re-arbitrate, litigate or dismiss the dispute.

The parties filed a stipulation which states their shared agreement to vacate the arbitration award but does not otherwise convey a plain explanation of their positions for how the case should proceed. ECF No. 89. Based on the text of the stipulation, Plaintiff MME appears to seek either mediation of the dispute (formally or informally) or submission of the dispute to a second arbitration (recognizing that the prior arbitrator resolved the dispute, on balance, in PMI's favor).

It appears that Defendant PMI does not wish to submit the case to arbitration again. Nor does PMI wish to mediate or litigate the dispute. *Id.* at 1-2 ("defendants [sic] have indicated they have no further interest or authority to conduct further proceedings or mediation following meet and confer opportunities conducted between counsel."). By process of elimination, the Court discerns that Defendant PMI seeks the dismissal of MME's action against it. Of course, most defendants in most cases would prefer that they be dismissed, but with the Court already having denied PMI's Motion to Dismiss, *see* ECF No. 49, it is not clear that any procedural mechanism remains available for PMI unilaterally to seek dismissal of claims that MME wishes to pursue.

If the arbitration award is vacated pursuant to the parties' agreement on that point, there remains a live case in this district that must be resolved. Because there is no agreement for the parties to resubmit the action for arbitration, Plaintiff MME would need to file a motion to compel PMI to submit the case to a second arbitration. Absent an order to re-arbitrate the case, the parties would need to litigate the claims and defenses, though Defendant PMI has represented that it has no interest or authority to litigate further. If PMI declines to mount a defense, Plaintiff may be entitled to default judgment.

Considering the above, the June 3, 2025 hearing is converted to a case management conference. At the case management conference, the Court will discuss with the parties: (a) whether Plaintiff's motion to vacate the arbitration award should be granted given PMI's agreement with the request to vacate the award, and (b) if it is granted, whether the Court should enter the following tentative case schedule:

Discovery shall begin immediately.

June 24, 2025: Plaintiff MME's deadline to file a motion to compel a second arbitration

July 29, 2025: Hearing on Plaintiff MME's motion to compel a second arbitration

September 23, 2025: Discovery cut off

September 30, 2025: Deadline for parties' motions for summary judgment

November 4, 2025: Hearing on parties' motions for summary judgment

January 9, 2026: Final Pretrial Conference

January 19, 2026: Trial

The parties may, but are not required to, submit either joint or separate case management statements no later than May 30, 2025.

**IT IS SO ORDERED.**

Dated: May 28, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge

3