UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCCONNELL & MALEK ENTERPRISES,<br><br>    Plaintiff,<br><br>v.<br><br>PROOF MARK, INC,<br><br>    Defendant. | Case No. 23-cv-00010-LJC<br><br>**ORDER TO SHOW CAUSE WHY MOTION TO VACATE ARBITRATION AWARD SHOULD NOT BE DENIED AND CASE SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. No. 85 |

This case was previously stayed pending arbitration, pursuant to a stipulation by the parties. ECF Nos. 58, 60. An arbitrator issued a final award resolving the parties' dispute on October 8, 2024. ECF No. 70-1. After the parties failed to file a status report as required by an Order of this Court, Plaintiff filed a declaration on March 13, 2025 in response to an Order to Show Cause indicating that Plaintiff had been aware of the arbitration award, but had chosen to ignore it and await action by Defendant:

> 9. Following the arbitration and distribution of the defective award, nothing else happened. A short communication between [defense counsel] Mr. Wilson's very able assistant and counsel for Plaintiff asked when the remainder of the funds in the award would be sent to Mr. Wilson's office. Our response was: probably never . . . we expected and waited for Mr. Wilson to file something in either Superior Court or Federal Court based on the award, giving Plaintiff the opportunity to appeal or oppose the award on a number of grounds within the FAA.
>
> 10. Nothing was ever filed, and our interpretation was that defendant was abandoning the award based on the cost of having to go through filing a document which would then open up the opportunity for appeal or a motion in vacatur or other similar procedure to have the award overturned.

ECF No. 77, ¶¶ 9–10 (ellipsis in original).

In a subsequent status report filed April 8, 2025, Plaintiff's counsel indicated that "Plaintiff will seek to have the Award confirmed as a Judgment of this Court" and intended thereafter to "file an appeal of such Judgment," paraphrasing similar statements by Plaintiff's counsel at a March 20, 2025 hearing. ECF No. 81, ¶ 5. The Court noted that the status report did not include a deadline for such a motion (as required by a previous Order), and ordered that "[a]ny party seeking to confirm or vacate the arbitration award must file such a motion no later than April 18, 2025." ECF No. 82. Plaintiff filed its Motion to Vacate, which remains pending, on that date. ECF No. 85.

Protracted confusion followed over whether Defendant agreed to vacate the arbitration award, and what would happen next if so. On June 25, 2025 the Court modified the briefing schedule for Plaintiff's Motion and instructed that "both parties' briefs"—i.e., Defendant's opposition and Plaintiff's reply—"should address whether the three-month deadline of 9 U.S.C. § 12 bars the relief Plaintiff now seeks." ECF No. 97. That statute provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.[1] Defendant's opposition brief failed to address that issue. *See generally* ECF No. 98. Plaintiff did not file a reply.

The Ninth Circuit has construed § 12's three-month limitations period strictly, affirming denial of a motion to vacate an arbitration award that was filed one day late. *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1252 (9th Cir. 2018). The Ninth Circuit has also indicated that this deadline serves the FAA's purpose of promoting finality of arbitration awards. *Monster Energy Co. v. City Beverages, LLC*, 940 F.3d 1130, 1138 (9th Cir. 2019).

The Court is not aware of any case directly addressing whether a court may invoke § 12's limitations period sua sponte, but one unpublished Ninth Circuit decision suggests that such an approach can be appropriate. In *DeMartini v. Johns*, the district court denied a motion to vacate an arbitration award, but later granted a motion under Rule 59(e) of the Federal Rules of Civil

---

[1] A previous Order issued on May 7, 2025 had also noted § 12's deadline in passing. ECF No. 88 at 1.

1  Procedure to amend judgment to reflect a different calculation of prejudgment interest than was set
2  forth in the arbitration award, correcting what appears to have been an error by the arbitrator.  693
3  F. App'x 534, 538 (9th Cir. 2017).  The Ninth Circuit affirmed the denial of the motion to vacate,
4  but reversed the amendment of judgment to correct the error in calculating interest, noting that
5  "Sections 10 and 11 of the FAA provide the exclusive grounds for vacating or modifying an
6  arbitration award" and "motions to vacate, modify, or correct the arbitration award must be served
7  on the opposing party within three months after the award is filed" under § 12.  *Id.* at 539.
8  "Accordingly, at the time Defendants filed their Rule 59(e) motion, they were time-barred from
9  amending the arbitration award pursuant to the FAA."  *Id.*  Although the parties opposing the
10 amendment of judgment addressed § 12's deadline in their brief on appeal,[2] they did not address
11 that issue in their opposition brief to the district court.[3]

The Ninth Circuit's enforcement of a deadline that was never raised to the district court suggests that the limitations period is not waived by a party's failure to invoke it.  That approach is consistent with the FAA's purpose to promote judicial efficiency and finality of arbitration awards.

Plaintiff is therefore ORDERED TO SHOW CAUSE why its Motion to vacate the arbitration award should not be denied as untimely.  Plaintiff must file a response to this Order no later than August 6, 2025.  Defendant may file a response by the same deadline if it wishes to be heard on this issue, but is not required to do so.

**IT IS SO ORDERED.**

Dated: July 30, 2025

LISA J. CISNEROS
United States Magistrate Judge

---

[2] *DeMartini v. Johns*, No. 16-15134, ECF No. 21 at 38 (9th Cir. Aug. 26, 2016).
[3] *DeMartini v. Johns*, No. 23-cv-03929-JCS, ECF No. 89 (N.D. Cal. Dec. 15, 2015).