UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MCCONNELL & MALEK ENTERPRISES,<br><br>    Plaintiff,<br><br>  v.<br><br>PROOF MARK, INC,<br><br>    Defendant. | Case No. 23-cv-00010-LJC<br><br>**ORDER DENYING MOTION TO VACATE ARBITRATION AWARD**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. No. 85 |
|---|---|

## I. INTRODUCTION

Plaintiff McConnell & Malek Enterprises moves to vacate an arbitration award. The Court ordered Plaintiff to show cause why that motion should not be denied as untimely under 9 U.S.C. § 12. Plaintiff now suggests that the Court lacks subject matter jurisdiction and should remand the case to state court. For the reasons discussed below, the Court finds that it has subject matter jurisdiction over the case and over Plaintiff's Motion, and DENIES that Motion as untimely.[1] The parties are ORDERED TO SHOW CAUSE why the case should not be dismissed. Any party that opposes dismissal must file a response to this Order no later than September 5, 2025, not exceeding five pages, explaining how and why the case should proceed.

The case management conference previously set for August 28, 2025 is CONTINUED to October 23, 2025. If the case has not been dismissed, the parties shall file an updated joint case management statement no later than October 16, 2025. Defendant's unilateral case management statement filed August 21, 2025, ECF No. 102, is STRICKEN sua sponte for failure to comply with this Court's June 16, 2025 Order (ECF No. 96) and Civil Local Rule 16-9, both of which

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

required a *joint* case management statement.  The Court notes that Plaintiff, who did not file a case management statement at all, also failed to comply with that previous Order.

## II. BACKGROUND

This Order need not address the full tortured history of the case, but as is relevant here, Plaintiff filed this action in state court in January of 2023, and Defendant Proof Mark, Inc. removed to this Court.  The Court denied Plaintiff's motion to remand on May 25, 2023, finding that the case fell within diversity jurisdiction under 28 U.S.C. § 1332(a).  ECF No. 49 at 3–5.  The parties later stipulated to submit their dispute to arbitration and stay this case, which the Court granted.  ECF Nos. 58, 60.

An arbitrator issued an award on October 8, 2024, requiring each party to pay the other various amounts, which offset to a net award of a few thousand dollars in favor of Defendant. ECF No. 70-1.  As the Court noted in its previous Order to Show Cause, Plaintiff "chose[] to ignore [the award] and await action by Defendant."  ECF No. 99 at 1 (citing ECF No. 77, ¶¶ 9–10).  The parties belatedly notified the Court of that award on March 4, 2025, ECF No. 70, in violation of a previous Order requiring a status report "within twenty days after the conclusion of arbitration or by February 28, 2025, whichever is sooner," ECF No. 67.

Plaintiff filed the present Motion to Vacate on April 18, 2025.  ECF No. 85.  "Protracted confusion followed" over a stipulation to vacate the arbitration award, which the Court ultimately denied after concluding that the parties had not reached a meeting of the minds.  *See* ECF No. 99 at 2 (discussing that procedural history).

Section 12 of the Federal Arbitration Act (FAA) provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  On June 25, 2025, the Court directed the parties to "address whether the three-month deadline of 9 U.S.C. § 12 bars the relief Plaintiff now seeks."  ECF No. 97.  Both parties failed to do so, and the Court issued an Order to Show Cause why the Motion should not be denied on that basis.  ECF No. 99.  As discussed in that Order to Show Cause, the Ninth Circuit has construed § 12's deadline strictly, and though this Court is not aware of caselaw addressing a district court's sua sponte enforcement of that deadline,

such enforcement serves the Federal Arbitration Act's (FAA's) "purpose to promote judicial efficiency and finality of arbitration awards." *Id.* at 2–3.

Defendant Proof Mark, Inc. responded that the Motion should be denied because the arbitration award was served on both parties on October 8, 2024, and Plaintiff did not file its Motion until April 18, 2025. ECF No. 100; *see* ECF No. 100-2 (email transmitting arbitration award). Accordingly, because "[n]otice of a motion to vacate, modify, or correct an [arbitration] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered," Plaintiff's Motion is too late. *See* 9 U.S.C. § 12.

Plaintiff, on the other hand, once again disregards the Court's instruction to address the timeliness of its Motion under § 12. Instead, Plaintiff asserts that this Court "does not have jurisdiction over the matter as a diversity case as an appeal." ECF No. 101 at 2. According to Plaintiff "[t]he entire matter should have been remanded to the Superior Court as a result of the filing of Plaintiff's Motion to Vacate." *Id.* Plaintiff also asserts in passing that "the Court pointed out [that the Motion] was timely filed on April 18, 2025." *Id.* (citing ECF No. 99 at 2). That assertion is false, at least when it comes to § 12: the Order to Show Cause that Plaintiff cites explained why Plaintiff's Motion was *un*timely with respect to that statute. ECF No. 99 at 2.

Plaintiff has not filed a motion to remand, but the Court has a continuing obligation to consider its subject matter jurisdiction, *see, e.g.*, 28 U.S.C. § 1447(c), and therefore addresses Plaintiff's argument notwithstanding its dubious procedural posture.

### III. ANALYSIS

Plaintiff relies on the Supreme Court's decision in *Badgerow v. Walters*, 596 U.S. 1 (2022) (erroneously cited by Plaintiff as *556* U.S. 1, *see* ECF No. 101 at 3).[2] There, the plaintiff initiated arbitration against her former employers, asserting claims under both state and federal law, but the arbitrators sided with the defendants and dismissed the plaintiff's claims. *Id.* at 5. The plaintiff filed a case in state court to vacate the arbitration award, and the defendants removed to federal

---

[2] Plaintiff's response cites only *Badgerow*, its predecessor *Vaden v. Discover Bank*, 556 U.S. 49 (2009) (considering petitions to compel arbitration under 9 U.S.C. § 4), and authority addressing the general proposition that a court must consider its own subject matter jurisdiction. All other caselaw discussed below was not addressed by the parties.

court and moved to confirm the arbitration award. *Id.* The plaintiff moved to remand for lack of subject matter jurisdiction, but the district court held that it had jurisdiction because the underlying arbitration addressed claims under federal law. *Id.* at 5–6. The Supreme Court disagreed, holding that although courts properly "look through" a petition to compel arbitration under 9 U.S.C. § 4 and consider whether the claims to be arbitrated fall within a court's subject matter jurisdiction, the different statutory texts of 9 U.S.C. §§ 9 and 10 (for petitions to vacate or confirm arbitration awards) preclude that approach. *See id.* at 11–12. Cases arising out of those petitions must be filed in state court, unless there is some basis for federal jurisdiction that does not depend on the claims at issue in arbitration.

This is not a new case originating with a petition to vacate an arbitration award, as in *Badgerow*. Instead, this case predated any arbitration proceedings. Plaintiff filed a complaint in state court asserting substantive claims for relief, Defendant removed the case to this Court, and Plaintiff moved to remand. The Court denied that motion long ago, holding that the case properly fell within diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties were citizens of different states and the amount in controversy exceeded $75,000. ECF No. 49 at 3–5; *McConnell & Malek Enters. v. Proof Mark, Inc.*, No. 23-cv-00010-LJC, 2023 WL 3688094, at *2–3 (N.D. Cal. May 25, 2023). Plaintiff has not sought, nor shown any basis for, leave to file a motion for reconsideration of that order under Civil Local Rule 7-9. After the Court determined its jurisdiction over the substantive claims at issue—which, again, Plaintiff filed as a civil action, not initially as a demand for arbitration—the parties stipulated to arbitrate their claims and stay this case. ECF Nos. 58, 60.

Though Plaintiff's present argument for lack of jurisdiction could be clearer, the Court understands it as suggesting that there is no independent basis for federal subject matter jurisdiction over the Motion to Vacate because the arbitrator's award, and thus the amount in controversy, is less than $75,000. (The parties, of course, remain the same, and Plaintiff has identified no other reason why jurisdiction might be lacking.)

The Supreme Court held more than eighty years ago that "rulings of the district court after removal [that] reduce the amount recoverable below the jurisdictional requirement[] will not

4

1  justify remand." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (footnote

2  omitted). Nor can a plaintiff prompt remand "by stipulation, by affidavit, or by amendment of his

3  pleadings, reduc[ing] the claim below the requisite amount." *Id.* The *St. Paul* decision remains

4  good law—informing, for example, the Ninth Circuit's holding in 2010 that denial of class

5  certification of a case removed under the Class Action Fairness Act does not warrant remand.

6  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union,*

7  *v. Shell Oil Co.*, 602 F.3d 1087, 1091 (9th Cir. 2010). Under "the usual and long-standing

8  principles . . . post-filing developments do not defeat jurisdiction if jurisdiction was properly

9  invoked as of the time of filing." *Id.* at 1091–92. The arbitrator's decision in this case awarding

10 less than $75,000 falls squarely within the sort of post-removal development that does not alter the

11 Court's jurisdiction.[3]

12 In explaining why district courts must stay, rather than dismiss, a case that has been

13 compelled to arbitration, the Supreme Court has identified motions to confirm arbitration awards

14 under § 9 as falling within "the supervisory role that the FAA envisions for the courts," and thus

15 as matters to be addressed by a "court[] with proper jurisdiction" after it stays proceedings. *Smith*

16 *v. Spizzirri*, 601 U.S. 472, 478 (2024). The same would seem to apply to a motion to vacate such

17 an award—though it *may* be filed as a separate action, particularly if no civil action had been filed

18 before commencing arbitration, it may also be filed in a stayed case where a court retains a

19 supervisory role with respect to the arbitration. The Supreme Court has not held that, when (as

20 here) a case properly falling within a district court's jurisdiction has been stayed pending

21 arbitration, the court must reconsider its jurisdiction upon the filing of a motion to confirm or

22 vacate the award, and start from a blank slate as if such a motion were a new case.

23 Courts are divided as to that issue of whether district courts must have an independent

---

[3] Of course, if "federal jurisdiction is absent from the commencement of a case, a putative class action is not 'properly removed'—and therefore need not 'stay[] removed.'" *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016) (quoting *United Steel*, 602 F.3d at 1197) (alteration in original). As noted above, though, this Court already considered a motion by Plaintiff to remand the case after its removal, and denied that motion after determining that the case properly fell within diversity jurisdiction under 28 U.S.C. § 1332(a). Again, Plaintiff has not presented any basis for reconsideration of that decision.

jurisdictional basis to consider a motion to vacate (or confirm) an arbitration award when such a motion is filed in a case that the district court previously stayed pending the outcome of arbitration. *See Teleport Mobility, Inc. v. Sywula*, No. 21-cv-00874-SI, 2025 WL 860498, at *5 (N.D. Cal. Mar. 18, 2025) (addressing the split of authority among both circuit and district courts). The Seventh Circuit has held that *Badgerow* did not alter that circuit's existing precedent that where a district court had jurisdiction over claims filed in a civil action, and subsequently stays those claims pending arbitration, the district court retains jurisdiction to address a motion to vacate an arbitration award. *Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099, 1103 (7th Cir. 2023). The Fourth Circuit has held to the contrary, holding that "*Badgerow* itself makes no distinction between 'freestanding' Section 9 and 10 applications and those filed in cases where the action was previously stayed," and requires the same independent jurisdictional basis for such motions as if they were filed as separate actions. *SmartSky Networks, LLC v. DAG Wireless, Ltd.*, 93 F.4th 175, 184 (4th Cir. 2024). In *Teleport Mobility*, Judge Illston sided with the Seventh Circuit, "declin[ing] to extend *Badgerow*'s holding to the circumstances here" because "[r]etaining jurisdiction over the issues already before the Court 'comports with the supervisory role that the FAA envisions for the courts' and 'makes good sense.'" *Teleport Mobility*, 2025 WL 860498, at *5 (quoting *Spizzirri*, 601 U.S. at 478).

The Ninth Circuit expressly declined to resolve this question in *Tesla Motors, Inc. v. Balan* (*Balan II*), 134 F.4th 558, 562 n.1 (9th Cir. 2025). The *Balan* saga began with a case in the Western district of Washington, which—after a first appeal to the Ninth Circuit that is not relevant here[4]—that court dismissed when it granted a motion to compel arbitration, failing to predict the later holding of *Spizzirri* that such cases should instead be stayed. *See Balan v. Tesla Motors Inc.* (*Balan I*), No. C19-67 MJP, 2022 WL 2192872, at *1 (W.D. Wash. June 16, 2022) (discussing the procedural history of the case); *cf. Spizzirri*, 601 U.S. at 478. When the plaintiff returned to the

---

[4] *Balan v. Tesla, Inc.*, 840 F. App'x 303 (9th Cir. 2021). For convenience, this Order uses *Balan I* and *Balan II* for the two decisions discussed in more detail above, but those designations are perhaps misnomers to the extent that they obscure the various other decisions in that long-running dispute.

1  court seeking to vacate the award, the district court construed that "Motion to Vacate as an
2  application to vacate the arbitrator's award, which is a separate action from [the] initial civil action
3  filed with this Court," and held that it lacked personal jurisdiction over one of the parties to that
4  new "action," and transferred the case to the Northern District of California, where the other
5  defendant had filed another action to confirm the award. *Balan I*, 2022 WL 2192872, at *2–4.
6  The Northern District confirmed the zero-dollar arbitration award, but the Ninth Circuit
7  determined that the district court lacked jurisdiction over that petition, and declined to consider
8  whether the Western District of Washington would have retained jurisdiction over such a motion
9  if it had stayed its case rather than dismissing it. *Balan II*, 134 F.4th at 561–62.  The defendant's
10 argument that the district court should have stayed the case and retained jurisdiction "fail[ed]
11 because, even if we now know with the hindsight of *Spizzirri* that the district court should have
12 stayed the case, it didn't—the court dismissed it." *Id.*  The *Balan* case therefore did not "present
13 the question whether 'a district court that previously stayed a case [can] retain or extend its subject
14 matter jurisdiction over subsequent Sections 9 and 10 applications.'" *Id.* at 562 n.1 (quoting
15 *SmartSky*, 93 F.4th at 184–86) (alteration in original).

16  With the "Ninth Circuit ha[ving] not considered the extension of *Badgerow* under these
17 circumstances," this Court agrees with Judge Illston's conclusion on the issue.  *See Teleport*
18 *Mobility*, 2025 WL 860498, at *6.  So long as a court properly had jurisdiction over claims
19 presented to the Court but subsequently stayed pending arbitration, retaining jurisdiction over
20 motions to confirm or vacate the resulting arbitration award on those claims "comports with the
21 supervisory role" that the Supreme Cout recognized in *Spizzirri*, and "makes good sense."  *Id.*
22 (quoting *Spizzirri*, 601 U.S. at 478).  The Court therefore retained subject matter jurisdiction to
23 consider Plaintiff's present Motion.

24  Even if that were not so, the reasoning of cases finding a lack of jurisdiction over motions
25 to confirm or vacate arbitration awards does not counsel in favor of remanding this "entire matter"
26 to the state court, as Plaintiff now seeks.  ECF No. 101 at 2.  If Plaintiff should have filed its
27 present Motion as a separate action in a state court, that would be a separate and sufficient reason
28 to deny the Motion that Plaintiff filed in this action.  It is not a reason to remand the entire action,

1  which encompasses the parties' underlying substantive claims (which as of now remain stayed),
2  not only Plaintiff's present Motion. As the Court previously held in denying Plaintiff's motion to
3  remand, those claims fall within this Court's jurisdiction. Nor could the Court construe the
4  Motion as a separate action and remand *that* to state court, because that hypothetical action was
5  never *filed* in state court.
6     Moreover, if the Court *were* to look only to Plaintiff's Motion to consider jurisdiction, it is
7  still not clear that the Court lacks subject matter jurisdiction. The relief Plaintiff seeks on its
8  Motion is not only to set aside the arbitrator's award of less than $75,000, but to resume either
9  litigation or arbitration of claims for which the Court previously found the amount in controversy
10 to exceed that value. *See, e.g.*, ECF No. 92 at 6 (Plaintiff's subsequent case management
11 statement, suggesting that Defendant might "default and accept the court's ruling on the
12 calculation of damages," and reiterating that the amount in controversy exceeds $75,000). The
13 amount in controversy on the present Motion might therefore meet § 1332(a)'s jurisdictional
14 threshold.[5] But again, regardless of whether Plaintiff could or should have filed its Motion as a
15 separate action in state court, "it didn't." *See Balan II*, 134 F.4th at 562 (declining to consider a
16 counterfactual procedural posture). Plaintiff filed it in this action, and did so too late.

## IV. CONCLUSION AND ORDER TO SHOW CAUSE

For the reasons discussed above and in the previous Order to Show Cause, Plaintiff's Motion to Vacate the Arbitration Award is therefore DENIED as untimely.

Plaintiff can no longer seek relief from the arbitration award, which resolved the parties' claims and ruled on balance in favor of Defendant, albeit for a relatively small net recovery. *See*

---

[5] In *Badgerow*, the only asserted basis for subject matter jurisdiction was federal question jurisdiction under § 1331, based on the district court's "look-through" approach to consider the federal claims that were resolved in arbitration, which the Supreme Court held improper. *See* 596 U.S. at 6. The Supreme Court did not address how to assess the amount in controversy on such a matter for the purpose of diversity jurisdiction, though it held that such jurisdiction can apply in an appropriate case. *Id.* at 9; *see also id.* at 25 (Breyer, J., dissenting) ("To determine at least one important aspect of diversity jurisdiction [on a petition to vacate]—the amount in controversy—must the court not look to the underlying dispute?"). In *Balan II*, the Ninth Circuit held that "on its face, a petition to confirm a zero-dollar award cannot support the amount in controversy requirement," but did not address the more complex question of a motion to vacate an award and permit litigation to resume on a potentially more valuable claim. 134 F.4th at 561.

8

ECF No. 74-1.  Defendant has previously indicated it has "no further interest or authority to conduct further proceedings."  *See* ECF No. 89 at 1.  The parties are therefore ORDERED TO SHOW CAUSE why this case should not be dismissed.  Any party that opposes dismissal must file a response as discussed above in the introduction to this Order.

**IT IS SO ORDERED.**

Dated: August 22, 2025

LISA J. CISNEROS
United States Magistrate Judge